**UNITED STATES of America,**
**Appellee,**

v.

**Haller BELLEGARDE, Defendant–**
**Appellant.**

No. 00–1687.

United States Court of Appeals, Second Circuit.

Aug. 15, 2001.

David R. Morabito, East Rochester, NY, for appellant.

Denise E. O'Donnell, United States Attorney, Western District of New York, Frank H. Sherman, Assistant United States Attorney, on the brief, for appellee.

Present MINER, JACOBS, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Haller Bellegarde appeals a judgment of conviction entered in the United States District Court for the Western District of New York (Siragusa, J.) on one count of unlawful possession of ammunition in or affecting interstate commerce (18 U.S.C. § 922(g)(1)). On appeal, Bellegarde argues: (A) that his constitutional right to due process was denied by the prosecution's violation of the disclosure requirements of Fed.R.Crim.P. 16, the Jencks Act (18 U.S.C. § 3500; Fed.R.Crim.P. 26.2), and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (B) that there was insufficient evidence to establish that the ammunition seized during the search of his residence belonged to him.

In the course of investigating Bellegarde's brother for an unrelated crime, the police secured and executed a search warrant for an apartment that the brothers shared. In one of the bedrooms, the police discovered: two rounds of .357 caliber ammunition; a safe containing Bellegarde's passport and birth certificate; and numerous papers bearing Bellegarde's full name. The ammunition was manufactured outside New York.

A) Bellegarde claims that the prosecution failed to turn over three categories of evidence: 1) reports prepared from a custodial interview of Bellegarde; 2) notes prepared from Bellegarde's post-arrest interrogation; and 3) two sealed documents that the district court determined, after *in camera* review, were not Jencks Act material.

1) The police detained Bellegarde three days after the search, asked him about his brother's activities (which he refused to discuss), then released him. According to the prosecution, no report was prepared of this interview, and a supervising officer confirmed that he had no knowledge of any such report.

■ Rule 16 requires the government to disclose oral statements made by a defendant only "if the government intends to use that statement at trial." Fed. R.Crim.P. 16(a)(1)(A). The prosecution did not use any statement made by Bellegarde during that interview. The Jencks Act requires disclosure only of recorded statements made by a witness that bear upon the subject matter as to which the witness testified; because no record of the interview was created, the prosecution did not violate the Jencks Act. *See* 18 U.S.C. § 3500; Fed R.Crim. P. 26.2. Finally, because the defendant knew that the interview took place and what was said at it, there has been no *Brady* violation. *See, e.g., United States v. Diaz,* 922 F.2d 998, 1007 (2d Cir.1990) ("[T]here is no improper suppression within the meaning of *Brady* where the facts are already known by the defendant.").

2) After Bellegarde was arrested, he made statements to law enforcement agents that were taken down by them. These notes were introduced, without objection, at trial. Bellegarde now claims that it is "unclear" whether the notes were disclosed to the defense before their admission into evidence. The record indicates, however, that this material was turned over to the defense several months before trial.

3) We have reviewed the sealed documents that the trial court, after *in camera* review, determined were not Jencks Act material, and we agree that the prosecution was under no duty to disclose the documents.

■■■ B) Finally, Bellegarde claims that the prosecution offered insufficient evidence to establish that the ammunition seized belonged to him. In *United States v. Payton*, 159 F.3d 49, 55–56 (2d Cir.1998) (citations omitted), we held:

> When a defendant challenges the sufficiency of the evidence underlying his conviction, we review the evidence in the light most favorable to the government, drawing all possible inferences in favor of the prosecution.... The ultimate question is not whether we believe the evidence adduced at trial established defendant's guilt beyond a reasonable doubt, but whether any rational trier of fact could so find.

In a sworn statement admitted at trial, Bellegarde acknowledged that the room in which the ammunition was found was his, and that the other residents of the apartment did not regularly go into his room. The government's burden under the circumstances was to prove that Bellegarde constructively possessed the ammunition, i.e., that he "exercised dominion and control over the premises in which the [ammunition was] located." *United States v. Dhinsa*, 243 F.3d 635, 676 (2d Cir.2001)

(internal citation and quotation marks omitted). His possession of the ammunition need not have been exclusive. *See id.* at 677 ("It is of no moment that other individuals also may have exercised control over the weapons."). We therefore conclude that the prosecution offered sufficient evidence indicating that Bellegarde possessed the ammunition within the meaning of 18 U.S.C. § 922.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.